UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CR659 HEA |
| ZACKERY KEYS, | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 35], of United States Magistrate Judge Frederick R. Buckles, pursuant to 28 U.S.C. § 636(b), in which Judge Buckles recommends that Defendant's Motion to Suppress Identification, [Doc. No. 18], Motion to Suppress Evidence, [Doc. No. 19], and Motion to Suppress Statements, [Doc. No. 20], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility

determinations. *Id*. The court has reviewed the entire record, including listening to the audio recordings of the hearings held on January 17, 2007 and on April 10, 2007, and reading the transcript of the January 17, 2007 hearing.

**Discussion**

Initially, Defendant objects to each and every adverse ruling, decision, finding and order contained in the Report and Recommendation arguing that they are against the weight of the evidence adduced at the motion hearing thereon, and are contrary to existing law.

Specifically, Defendant objects to Judge Buckles' request the government supplement its authority on the validity of the search of Defendant's glove compartment after Defendant was stopped for failing to obey a traffic light. This objection must fail. During the hearing on January 17, 2007, Judge Buckles advised the parties that, based on the facts adduced, the record did not support the Government's position that Defendant consented to the search of the glove compartment of the vehicle in which a firearm was found. Defendant takes issue with Judge Buckles' allowing the Government additional time to supplement its argument with alternative grounds for a finding that the search was legally valid. Defendant, however, cites no authority which would preclude this Court from finding the search valid based on grounds supported by the testimony and the

record. See *U.S. v. Blackman,* 904 F.2d 1250, 1253 fn.2 (8th Cir. 1990)("One of the grounds upon which the government justifies the search is consent. Because we find the search valid on other grounds, we have not given factual detail surrounding the eventual consent given by the driver of the taxi to search the trunk.")

Judge Buckles concluded that the search was valid because the officers had a reasonable articulable suspicion that the driver may be dangerous and gain immediate control of weapons. *Michigan v. Long*, 463 U.S. 1032 (1996). As such, Judge Buckles recommended that the Motions to Suppress Evidence and Statements[1] be denied.

Defendant also objects to the conclusion reached by Judge Buckles that the officers had a reasonable articulable suspicion that Defendant might be dangerous. In support of this objection, Defendant points to the facts that the officers were familiar with Defendant, had seen him in the police station on numerous occasions as a regular visitor, knew he was a trustee of the Village of Bel-Ridge. These facts, however, do not overcome the circumstances giving rise to the officers' search itself. When asked to produce an insurance card, Defendant told Office Cissell not

---

[1] The Motion to Suppress Identification is moot in that the Government advised the Court in its response to Defendant's pretrial Motion that no pretrial out of court identification procedures were conducted in this case and no evidence of any such procedures being conducted was offered at the hearing.

to shine his flashlight into the area, because he did not want the officer to see what was there.  He further refused to produce an insurance card if the officer was going to shine the flashlight.  When asked to step out of the van, Defendant resisted by pushing down the lock button on the door.  When Defendant was outside of the van and told Officer Jost that he, Keys, would retrieve the card, Officer Jost advised Defendant that he, Jost, would retrieve it "for [the officers'] safety."   At that point, Defendant brushed past Jost to enter the van.  Officer Cissell grabbed Defendant and pulled him back from the van.  These facts clearly support a reasonable articulable suspicion that Defendant might be dangerous and might be able to gain access to a weapon.  The recognition and familiarity of Defendant notwithstanding, Defendant appeared adamant about the officers not seeing what was in the glove compartment.  Further, Defendant's actions were in opposition to the reasonable request to see an insurance card.  Defendant's peculiar actions were contrary to the professional relationship Defendant and the officers had on previous occasions.  It would be ludicrous for the Officers to rely on a false sense of security based previous professional encounters with an individual behaving in the manner Defendant behaved at the time of the incident.  The totality of the circumstances justified the search of the glove compartment of the van and therefore Defendant's objections are overruled.

**Conclusion**

Having conducted a *de novo* review of the Motions and the record before the court, Defendant's objections are overruled. The Court, therefore will adopt Judge Buckles' well-reasoned Recommendations.

Accordingly,

Motion to Suppress Identification, [Doc. No. 18], Motion to Suppress Evidence, [Doc. No. 19], and Motion to Suppress Statements, [Doc. No. 20], be DENIED.

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Identification, [Doc. No. 18], is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 19], is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements, [Doc. No. 20], is DENIED.

Dated this 31st day of August, 2007.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE